IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.D., a minor, by NICOLE FINNEY, as guardian and in her own right,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SHUMAN JUVENILE DETENTION CENTER, a Department of Allegheny County, Pennsylvania,<br>　　　　Defendant. | Civil Action No. 05-1323<br>Judge Cercone<br>Magistrate Judge Mitchell |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the partial motion to dismiss submitted on behalf of Defendant, Shuman Juvenile Detention Center (Docket No. 3), be granted and that Counts VI-X of the complaint be dismissed.

II.   Report

Plaintiffs, A.D., a minor, by Nicole Finney as guardian and Nicole Finney (A.D.'s mother) in her own right, bring this civil rights action against Defendant, Shuman Juvenile Detention Center, a Department of Allegheny County, Pennsylvania ("Shuman"). The complaint alleges that several of Defendant's employees unlawfully and intentionally assaulted and forcibly restrained A.D. on March 27, 2005, when he was dropped off at Shuman by his father for what his father believed to be a "scared straight" program.

Presently before the Court is a motion to dismiss, brought by the Defendant. In fact, the motion seeks only the dismissal of Counts VI-X of the complaint, the state law claims, and as such it is properly a partial motion to dismiss. For the reasons that follow, the motion should be

granted and these claims should be dismissed.

Facts

A.D., who was thirteen years old at the time of the events in question, was taken by his father on March 27, 2005 to Shuman, a juvenile correctional facility located in Allegheny County, for what his father believed would be a "scared straight" program. (Compl. ¶¶ 5, 7, 9.) Plaintiffs allege that guards took A.D. inside the facility and ordered him to disrobe. When he refused, a guard tried to knock him to the ground. Four guards then pulled him to the floor and one of the guards pressed his fist into A.D.'s chest to restrain him. The guards then took him to a cell where they removed his jeans and forced him to remove his own sweater. (Compl. ¶¶ 10-12.)

The guards then gave A.D. a Shuman uniform which he was forced to wear, gave him a bar of soap and a toothbrush and ordered him to clean the cell's toilet and sink. Guards cursed, yelled and spit at A.D. and threatened him by telling him that if he fought back, he would be kept at Shuman for forty-eight hours. They also released two detainees out of their cells to taunt A.D. He was permitted to leave when his father returned. (Compl. ¶¶ 13-17.)

Procedural History

Plaintiffs filed this action on September 22, 2005. Counts I-V allege claims for violations of Plaintiff A.D.'s civil rights under the Fourth and Fourteenth Amendments to the Constitution and they are brought pursuant to 42 U.S.C. § 1983. Specifically, Plaintiffs allege that Defendant's employees unreasonably seized A.D. (Count I), subjected A.D. to unreasonable force (Count II), violated his right to due process (Count III), violated his substantive due process right to privacy (Count IV) and falsely arrested him (Count V). Counts VI-IX allege state law

claims by Plaintiff A.D., specifically: assault (Count VI), battery (Count VII), false imprisonment (Count VIII), and intentional infliction of emotional distress (Count IX). Finally, Count X alleges that Defendant's employees deprived Nicole Finney of her right to the services, comfort and happiness of the society of her son.

On September 27, 2005, a motion to dismiss was filed by Defendant. It seeks dismissal of the state law claims in Counts VI-X.

Standard of Review

A motion to dismiss must be viewed in the light most favorable to plaintiff and all well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). See also National Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Williams, 490 U.S. at 323; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Counts VI-X - State Law Claims

In Counts VI-X, Plaintiffs allege that Defendant's employees subjected A.D. to assault, battery, false imprisonment, and intentional infliction of emotional distress, and that they deprived Nicole Finney of her right to the services, comfort and happiness of the society of her son. Defendant moves to dismiss these claims on the grounds that they do not fall within the exceptions to governmental immunity.

The Pennsylvania Political Subdivision Tort Claims Act provides that "[e]xcept as

otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541.  The Act then provides that:

> A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b).  As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a).  The statute lists eight negligent acts for which recovery against the local agency is permitted: 1) vehicle liability; 2) care, custody or control of personal property; 3) care, custody or control of real property; 4) trees, traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) sidewalks; and 8) care, custody or control of animals.  42 Pa. C.S. § 8542(b).

None of the exceptions to local immunity applies in this case.  Therefore, the local governmental agency would be entitled to immunity from suit for these state law claims.

Plaintiffs argue that 42 Pa. C.S. § 8550 deprives local agency employees of immunity for intentional torts.  This statute provides that:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections

> 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

See Yakowicz v. McDermott, 548 A.2d 1330, 1333 & n.5 (Pa. Commw. 1988) (noting that Commonwealth employees are immune from liability even for intentional torts but that *local agency employees* lose their immunity defense where their actions constitute a crime, actual fraud, actual malice or willful misconduct), appeal denied, 565 A.2d 1168 (Pa. 1989).

However, Plaintiffs have not named individual local agency employees as defendants in this action. Rather, they have named only Shuman, a local agency that is entitled to immunity for even the intentional conduct of its employees. As noted by one court:

> As for the liability of the City, section 8550 does not create an "exception to the exceptions" of section 8542, which constitute the sole categories of liability for a local agency; as a result section 8550 does not permit the imposition of liability on a local agency for the willful misconduct of its employees. The local agency remains liable only for the negligent acts specifically listed in section 8542.

Verde v. City of Phila., 862 F. Supp. 1329, 1337 (E.D. Pa. 1994) (quoting Petula v. Mellody, 631 A.2d 762, 765 (Pa. Commw. 1993)). See also Cooper v. City of Chester, 810 F. Supp. 618, 626 n.8 (E.D. Pa. 1992); Buskirk v. Seiple, 560 F. Supp. 247, 252 (E.D. Pa. 1983).

For these reasons, it is recommended that the partial motion to dismiss submitted on behalf of Defendant (Docket No. 3) be granted and Counts VI-X be dismissed.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                            Respectfully submitted,

                            s/Robert C. Mitchell
                            ROBERT C. MITCHELL
                            United States Magistrate Judge

Dated: January 4, 2006

cc:    Brian C. Thompson
        Joseph R. Petrina
        Petrina & Thompson
        10700 Frankstown Road
        Parkway East Professional Center, Suite 300
        Pittsburgh, PA 15235